UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEONIDA VASQUEZ,

       Plaintiff,

   -against-

THE CITY OF NEW ROCHELLE, THE NEW
ROCHELLE POLICE DEPARTMENT, P.O.
JULIO ARROYO and other unknown Officers
Employed by the NEW ROCHELLE POLICE
DEPARTMENT,

       Defendants.
------------------------------------------------------------X

**COMPLAINT**

**Jury Trial Demanded**

**JUDGE BRICCETTI**

Case No.:

  Plaintiff, by her attorneys, the LAW OFFICE OF RICHARD M. KENNY, complaining of the defendants, alleges the following upon information and belief:

**I**

  Plaintiff, LEONIDA VASQUEZ, is a citizen of the United States of America and a resident of the City of Yonkers, County of Westchester, State of New York.

**II**

  Defendants, THE CITY OF NEW ROCHELLE and THE NEW ROCHELLE POLICE DEPARTMENT, (hereinafter referred to as "CITY" and "NRPD", respectively) were and still remain municipal corporations duly organized under and existing by virtue of the laws of the State of New York.

**III**

  That prior to the commencement of this action and within ninety (90) days of the date that this cause of action arose, and more specifically on February 18, 2009, a verified Notice of Claim was duly filed on behalf of the plaintiff, setting forth the time when, and the place where

the incident which is the subject matter of this action occurred and the nature and extent of the damages sustained by the plaintiff herein.

IV

That defendants, CITY and NRPD, conducted a statutory hearing pursuant to Section 50-H of the General Municipal Law of the State of New York on August 16, 2011.

V

That at all times hereinafter mentioned, the defendant, P.O. JULIO ARROYO, and other unknown Officers employed by the NRPD, are now, and at all times material hereto, were duly appointed, employed and acting as policemen of the NRPD, a municipal corporation and governmental subdivision of the defendant, CITY.

VI

That this action arises under the United States Constitution, particularly under the provisions of the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States and under Federal Law, particularly Title 42 of the United States Code, Section 1983.

VII

That this Court has jurisdiction of this cause under and by virtue of Title 28 of the United States Code, Section 1343.

VIII

That each and all of the acts of the defendants alleged herein were done by the defendants, and each of them, and not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the CITY OF NEW ROCHELLE and the County of Westchester, and under the authority of their offices as police officers for such City and County.

### IX

That the actions taken by the defendant, P.O. JULIO ARROYO, and other unknown Officers employed by the NRPD, as set forth in the following paragraphs, did violate and deprive the plaintiff of her Federal and Constitutional rights, and such actions were taken by said police officers pursuant to official municipal policy as implemented by the defendant, NRPD and the defendant, CITY.

### X

That the actions taken by the defendant police officer, and other unknown officers employed by defendant, CITY, as set forth in the following paragraphs, were taken by said officers in accord with the policies, customs and practices followed by members of the defendant, NRPD, which implemented said policy and custom through its training and supervision of its police force.

### XI

That on or about the 25th day of November, 2008, during the early evening of that day, the plaintiff, who was driving a car, realized that she was lost and stopped her vehicle in front of the premises known as 342 Webster Avenue, in the City of New Rochelle, County of Westchester, State of New York. At that time and place, the plaintiff was caused to be in contact with defendant, P.O. JULIO ARROYO.

### XII

At the aforementioned time and place, defendant, P.O. JULIO ARROYO, handed plaintiff a parking summons and refused her request for directions.

### XIII

Plaintiff departed from the area where she had parked and the defendant, P.O. JULIO ARROYO, returned to his police vehicle, which was parked in the opposite direction to the

plaintiff's vehicle, and proceeded to make a "U" turn and to follow the plaintiff, LEONIDA VASQUEZ.

### XIV

That after the plaintiff, LEONIDA VASQUEZ, made a legal right turn from the commercialized Webster Avenue onto the quieter street of Sickles Avenue, her vehicle was pulled over, by means of lights and sirens, by the defendant, P.O. JULIO ARROYO, in front of 248 Sickles Avenue in the City of New Rochelle, County of Westchester, State of New York.

### XV

That after approaching the plaintiff herein, the defendant, P.O. JULIO ARROYO, without any warrant or probable cause therefore, told the plaintiff she was under arrest and did order the plaintiff to get out of her vehicle. That when plaintiff asked why, the defendant, P.O. JULIO ARROYO, opened the plaintiff's car door and attempted to forcibly remove the plaintiff, LEONIDA VASQUEZ, from her vehicle.

### XVI

That without any warrant or probable cause or justification, defendant, P.O. JULIO ARROYO, employed excessive and unreasonable force upon the plaintiff, violently grabbing, pushing, pulling and twisting her, causing her to sustain serious and severe personal injuries, including, but not limited to a fractured right ankle, requiring surgery.

### XVII

That other police officers employed by the defendant, CITY, whose identities are unknown to plaintiff, came to the scene and without probable cause, warrant or justification, proceeded to employ excessive and unreasonable force against the plaintiff, pushing and pulling her with great force while she was handcuffed. The plaintiff was then handcuffed and advised that she was under arrest.

## XVIII

That at all times herein mentioned, the defendants, P.O. JULIO ARROYO, and other officers employed by the NRPD whose identities are unknown to the plaintiff, were then performing their official police duties as employees and agents of the defendants, CITY and NRPD, and as part of their regular and official employment duties as police officers for the defendants, CITY and NRPD.

## XIX

That prior to and while the plaintiff, LEONIDA VASQUEZ, was in police custody, she was grabbed, pushed, pulled, beaten and assaulted by the defendants, P.O. JULIO ARROYO, and other Officers employed by the NRPD whose identities are unknown to the plaintiff. That as a result of these actions, the plaintiff suffered serious and severe injuries to her head, face, eyes, nose, elbows, knees, neck and back, shoulder and ankle, all of which have resulted in the plaintiff's civil rights being violated and in permanent damage in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## XX

That in an effort to conceal the malice of the defendants' actions, the defendant, P.O. JULIO ARROYO and other Officers employed by the NRPD whose identities are unknown to the plaintiff, resorted to:

    1) Falsely accusing the plaintiff of a series of crimes of which she was innocent, including the following:

        (a) Violation of Penal Law PL 120.05 03 DF2 - Assault in the Second Degree;

        (b) Violation of Penal Law PL 120.00 01 AM3 - Assault in the Third Degree;

        (c) Violation of Penal Law PL 240.26 01 0V2 - Harassment in the Second Degree;

      (d)    Violation of Penal PL 205.30 AM0 - Resisting Arrest.

and further, in violation of her civil rights.

    2)    Wrongfully arresting, detaining and confining the plaintiff against her will and in violation of her civil rights.

    3)    Falsely preferring charges as indicated against her resulting in her being maliciously prosecuted and having her civil rights violated;

    4)    All of the above resulting in the plaintiff taking a plea to a violation.

## XXI

That the conduct of the defendants, and each of them, deprived the plaintiff of the following rights, privileges and immunities secured to her by the Constitution of the United States:

    (A)    The right of the plaintiff to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States;

    (B)    The right of the plaintiff to be informed of the nature and cause of the accusation against her, secured to her under the Sixth and Fourteenth Amendments to the Constitution of the United States; and

    (C)    The right of the plaintiff not to be deprived of life, liberty or property without due process of law and the right to the equal protection of the law secured by the Fourteenth Amendment to the Constitution of the United States.

## XXII

That the acts, conduct and behavior of the defendants, and each of them, were performed knowingly, intentionally and maliciously by reason of which the plaintiff is entitled to an award of punitive damages in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

**WHEREFORE**, the plaintiff demands judgment:

    (1)    Awarding plaintiff damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS for violation of her civil rights pursuant to Title 42 of the United States Code, Section 1983;

(2)  Awarding the plaintiff punitive damages in the sum of TWO MILLION ($2,000,000.00) DOLLARS;

(3)  Awarding plaintiff the reasonable costs and expenses of this action; and

(4)  Awarding plaintiff such other and further relief as may be just and proper.

Yours, etc.,

LAW OFFICE OF RICHARD M. KENNY

By: _____
Richard M. Kenny (9266)
Attorney for Plaintiff
Office and P.O. Address
875 Avenue of the Americas - Suite 805
New York, New York 10001
(212) 421-0300

## **VERIFICATION**

STATE OF NEW YORK   )
                    )   ss.:
COUNTY OF NEW YORK  )

RICHARD M. KENNY, an attorney duly admitted to practice in the State of New York affirms the following under penalties of perjury:

I am the attorney for the plaintiff in the above entitled action.

I have read the foregoing SUMMONS AND COMPLAINT and know the contents thereof and, upon information and belief, affirmant believes the matters alleged therein to be true.

The reason this Verification is made by the affirmant and not by the plaintiffs is that the plaintiffs do not reside in the county wherein the attorney for the plaintiffs has his offices.

The source of affirmant's information and the grounds of his belief are communications, papers, reports and investigations contained in the file.

Dated: New York, New York
       November 7, 2011

_____
RICHARD M. KENNY