UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEONIDA VASQUEZ,

                        Plaintiff,                     **ANSWER**

        -against-

THE CITY OF NEW ROCHELLE, THE NEW          Case No. 11 Civ. 8058 (VLB)
ROCHELLE POLICE DEPARTMENT, P.O.
JULIO ARROYO and other unknown Officers
Employed by the NEW ROCHELLE POLICE
DEPARTMENT,

                        Defendants.

------------------------------------------------------------X

       Defendants, CITY OF NEW ROCHELLE and JULIO ARROYO, by and through their attorneys, Jones, LLP, as and for their Answer to Plaintiff's complaint, alleges and avers as follows:

       1.     Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "1" of the Complaint.

       2.     Deny each and every allegation contained in paragraph "2" of the Complaint, except admit the City of New Rochelle is a municipal corporation.

       3.     Deny each and every allegation contained in paragraph "3" of the Complaint, except admit a Notice of Claim was filed.

       4.     Admit the allegations contained in paragraph "4" of the Complaint.

       5.     Deny each and every allegation contained in paragraph "5" of the Complaint, except admit Julio Arroyo is a police officer employed by the City of New Rochelle.

1

6. Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "6" of the Complaint and respectfully refer questions of law to the Court.

7. Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "7" of the Complaint and respectfully refer questions of law to the Court.

8. Deny each and every allegation contained in paragraph "8" of the Complaint and respectfully refer questions of law to the Court.

9. Deny each and every allegation contained in paragraph "9" of the Complaint and respectfully refer questions of law to the Court.

10. Deny each and every allegation contained in paragraph "10" of the Complaint and respectfully refer questions of law to the Court.

11. Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "11" of the Complaint except admit that in the evening of November 25, 2008, a car registered to Plaintiff was double parked near 342 Webster Avenue, New Rochelle, New York.

12. Deny each and every allegation contained in paragraph "12" of the Complaint, except admit Officer Arroyo gave Plaintiff a parking ticket.

13. Deny each and every allegation contained in paragraph "13" of the Complaint except admit that Officer Arroyo's car was parked in the opposite direction as Plaintiff's, he observed her commit several traffic violations after she left 342 Webster Avenue and then followed her.

14. Deny each and every allegation contained in paragraph "14" of the Complaint except admit that Officer Arroyo pulled Plaintiff over near 248 Sickles Avenue and was using the lights and siren of his car.

15. Deny each and every allegation contained in paragraph "15" of the Complaint.

16. Deny each and every allegation contained in paragraph "16" of the Complaint.

17. Deny each and every allegation contained in paragraph "17" of the Complaint, except admit that other officers responded to the scene where Plaintiff was present.

18. Deny each and every allegation contained in paragraph "18" of the Complaint and respectfully refer questions of law to the Court.

19. Deny each and every allegation contained in paragraph "19" of the Complaint.

20. Deny each and every allegation contained in paragraph "20" of the Complaint, except admit Plaintiff was charged with various crimes, arrested, and pled guilty to disorderly conduct.

21. Deny each and every allegation contained in paragraph "21" of the Complaint and respectfully refer questions of law to the Court.

22. Deny each and every allegation contained in paragraph "22" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23. Insofar as Plaintiff seeks to impute liability to Defendant City of New Rochelle simply because it is alleged to have employed one or more constitutional tortfeasors, this action should be dismissed since the doctrine of <u>respondeat superior</u> is not available in an action brought pursuant to 42 U.S.C. §1983.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

24. At all times relevant hereto, Defendants acted in good faith and took appropriate action in the discharge of their official duties.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

25. The individual Defendant at all relevant times acted in accordance with all laws, rules and regulations and pursuant to his statutory authority.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

26. Plaintiff has failed to allege that any harm which she may have suffered occurred as a result of a policy and/or custom established by the City of New Rochelle, thus the Complaint must be dismissed against the Municipal Defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

27. If Plaintiff has been injured and damaged as alleged in the Complaint, such injury and damage were caused and contributed to by Plaintiff's own conduct, negligence, carelessness, or want of care; and, if it be determined that Plaintiff is entitled to recovery herein as against answering Defendant, such recovery should be apportioned between Plaintiff and the Defendants according to their relative responsibility therefore.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

28. Upon information and belief, any past or future costs or expenses incurred, or to be incurred by Plaintiff for medical care, dental care, custodial care, or rehabilitative services, loss of earnings, or other economic loss has been, or will with reasonable certainty be, replaced or indemnified, in whole or in part, from a collateral source, as defined in CPLR 4545(c), and, consequently, if any damages are recoverable against the Defendants, the amount of such

damages shall be diminished by the amount that Plaintiff has received, or shall receive, from the collateral source.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

29. Plaintiff decedent failed to mitigate, obviate, diminish, or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Complaint.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

30. The individually named Defendant is entitled to qualified immunity.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

31. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

32. At all times relevant to the acts alleged in the Complaint, the Individual Defendant acted reasonably, properly, and in the lawful exercise of his discretion. Therefore, he is entitled to governmental immunity from liability.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

33. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A TWELTH AFFIRMATIVE DEFENSE

34. To the extent that Defendant used physical force against Plaintiff, that use of physical force was justified and reasonable under the circumstances.

WHEREFORE, Defendants demand judgment dismissing the Complaint of the Plaintiff, together with such other relief as the Court may deem just and proper.

Dated:  Scarsdale, New York
        November 29, 2011

Yours,

By: Steven T. Sledzik, Esq. (STS 8869)
JONES, LLP
670 White Plains Road
Scarsdale, NY  10583
(914) 472-2300
ssledzik@joneslawllp.com


TO:  Law Office of Richard M. Kenny
     875 Avenue of the Americas – Suite 805
     New York, NY 10001

6